**Lanier V. HINES, Petitioner,**

v.

**Edward J. DERWINSKI, Secretary of Veterans Affairs, Respondent.**

**No. 91–1718.**

United States Court of Veterans Appeals.

Dec. 17, 1991.

Before STEINBERG, Associate Judge.

ORDER

On October 7, 1991, petitioner filed a petition seeking extraordinary relief in the nature of mandamus. The petitioner seeks an order of the Court directing the Department of Veterans Affairs (VA) Regional Office (RO), San Francisco, to provide the results of a blood test performed the day petitioner reported to active duty in May 1975, as well as the last known duty station or, if possible, the current addresses of two persons petitioner believes could provide relevant evidence in support of the claim pending before the RO.

The Secretary of Veterans Affairs, pursuant to the Court's order of October 29, 1991, filed on November 27, 1991,

a response which details the procedural history of petitioner's claim and the efforts undertaken by the VA to assist petitioner with the requests, and contains a sworn affidavit to the effect that "the extant service medical records do not contain a report of an examination in May 1975" and a commitment to so advise petitioner "immediately". Appellee's Response, Exh. 1 (pages 3–4). On December 9, 1991, petitioner filed a declaration in support of his petition, asserting that VA had never responded clearly to his prior requests. The Court observes that such responses have now been communicated to petitioner by the copy of appellee's response that he received. The Court agrees with petitioner, however, that he was entitled to a direct and specific response on the records and trusts that the promised VARO immediate response (which the Secretary has, by filing his response, represented to the Court will be forthcoming) has indeed been transmitted and received. *See Godwin v. Derwinski,* 1 Vet.App. 419, 425 (1991) (duty to assist requires Secretary to respond to claimant's request for assistance "one way or the other").

On consideration of the foregoing, it is

ORDERED that the petition for extraordinary relief in the nature of mandamus is denied. The petition fails to demonstrate a clear and indisputable right to the relief sought. *See Erspamer v. Derwinski,* 1 Vet.App. 3, 5 (1990). Moreover, the motion seeks the production of records that do not seem to exist. It is further

ORDERED that the Secretary, by January 17, 1992, show cause why costs should not be awarded to the veteran, since the failure of the Secretary's agents for at least six years to respond to the veteran's requests for records of a May 1975 examination made this petition necessary. *See Jones v. Derwinski,* 1 Vet.App. 596, 605–08 (1991). It is further

ORDERED that petitioner's motion for recovery of costs in preparing the petition is held in abeyance until January 17, 1992.